IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES C. STAPLES, #288448 | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | CIVIL NO. 04-02917 (JBS) |
| v. | |
| RON HENDRICKS, Administrator New Jersey State Prison at Trenton, N.J.; and PETER C. HARVEY, Attorney General of the State of New Jersey, | **OPINION** |
| Respondents. | |

APPEARANCES:

Sonia M. Silverstein, Esquire
Sonia M. Silverstein & Associates
5 Split Rock Drive
Cherry Hill, N.J. 08003
     Attorney for Petitioner

Sean F. Dalton, Gloucester County Prosecutor
By:  Joseph H. Enos, Jr.
     Assistant Prosecutor
Gloucester County Prosecutor's Office
Hunter & Euclid Streets
P.O. Box 623
Woodbury, NJ 08096
     Attorney for Respondents

**SIMANDLE**, District Judge:


     Petitioner Charles C. Staples ("Petitioner") brings this

civil action for habeas corpus relief pursuant to 28 U.S.C. §

2254.  On November 18, 1996, Petitioner was acquitted of knowing

and purposeful murder but was convicted of second degree

1

burglary, third degree theft and second degree eluding.  The jury "hung" on the remaining charges for felony murder, unlawful possession of a weapon and possession of a weapon for unlawful purposes.  The State re-tried Petitioner for felony murder, and he was convicted of that charge on February 7, 1997 in the Superior Court of New Jersey, Gloucester County.

Staples was sentenced on February 27, 1997, receiving life imprisonment on the felony murder conviction withy a thirty-year mandatory minimum, and a consecutive seven-year term for eluding, and a three-year concurrent term for theft.[1]

Staples now alleges that he was denied the right to a fair trial because (1) the jury at his re-trial for felony murder was not instructed on the lesser included offense of burglary; (2) he was denied the effective assistance of trial counsel; and (3) he was improperly denied an evidentiary hearing on the ineffective counsel claim.

Because all of Petitioner's claims fail on the merits, this petition for Writ of Habeas Corpus will be denied in its entirety.

I.    BACKGROUND AND PROCEDURAL HISTORY

────────────────

[1]For the second degree burglary conviction, no sentence was imposed as tis conviction merged into the felony murder conviction.  Resp. Ans. ¶3, RA 73: 20-23.

On May 16, 1995, in Franklin Township, New Jersey,
Petitioner and his friend, Robert Simon, burglarized the
Environmental Heating Business.  Police Sergeant Ippolito
Gonzalez stopped Petitioner and Simon in a motor vehicle driven
by Petitioner as they were driving from the scene of the
burglary.  Simon shot Sergeant Gonzalez twice in the head and
neck and Petitioner and Simon fled the scene, crashing a short
time later.  It was later discovered that Simon had shot and
killed the officer with Petitioner's gun.  Staples drove the
vehicle at 75-85 mph attempting to elude a pursuing police
officer until crashing.  Simon later confessed to the shooting,
plead guilty to murder and was sentenced to death.

At his trial, Petitioner admitted planning and participating
in the burglary of the business but denied any knowledge of, or
complicity in, Sergeant Gonzalez's shooting.  Petitioner was
subsequently convicted of second degree burglary, third degree
theft and second degree eluding.  The jury hung on the charge of
felony murder, but Petitioner was later convicted of felony
murder at a subsequent re-trial.

On direct appeal, Petitioner claimed that the trial judge:
(1) deprived Petitioner of a fair trial; (2) erred when he
improperly admitted "other crimes" evidence; and (3) erred in the
jury charge by (a) charging improperly on the meaning of deadly
weapon, (b) failing to instruct the jury on the limited

evidentiary use of weapons taken from Petitioner's home, (c) failing to charge the jury on a lesser included offense, and (d) not including a burglary charge on the verdict sheet.  Petitioner also claims that the trial judge abused his discretion by ordering that the sentences for felony-murder and eluding be served consecutively.  The Appellate Division affirmed the judgment of conviction and the New Jersey Supreme Court denied the petition for certification.

In his post-conviction relief ("PCR") petition, Petitioner claimed he received ineffective assistance of trial counsel due to counsel's failure to move for a change of venue, and that he was denied a fair trial based on the non-inclusion of a lesser included offense of burglary on the verdict sheet.  The PCR court found no merit to Petitioner's claim of ineffective assistance of counsel because Petitioner failed (1) to overcome the presumption that trial counsel's conduct constituted sound trial strategy, and (2) to show that a motion to change venue would have succeeded.

Petitioner appealed the PCR court decision, re-raising the issues of denial of fair trial and ineffective assistance of trial counsel; and raising new claims alleging that the PCR court erred in failing to grant an evidentiary hearing on the ineffectiveness of counsel claim and in ruling that the jury-charge claim was procedurally barred.  The Appellate Division

affirmed the trial court's denial of the petition for post-conviction relief.  The Supreme Court of New Jersey denied the petition for certification.

Petitioner timely filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 10, 2004.

## II.  CLAIMS FOR HABEAS RELIEF

Petitioner here claims (1) he was denied due process and a fair trial because the jury was not presented with the option of choosing burglary on the verdict sheet; (2) he was denied effective assistance of counsel; and (3) the PCR court erred in refusing to hold an evidentiary hearing on the ineffective assistance claim.

## III. STANDARD OF REVIEW OF § 2254 CLAIMS

For a federal court to grant a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner must have exhausted all state claims.  Where a petitioner presents a "mixed petition" of exhausted and unexhausted issues, however, the writ may be *denied* on the merits.  28 U.S.C. § 2254(b)(2).

When considering a petition under 28 U.S.C. § 2254 as amended by the Anti-Terrorism and Effective Death Penalty Act of

1996 (AEDPA), federal courts must give considerable deference to determinations of the state courts.  According to § 2254(d)(1) & (2), an application may be granted only if a claim adjudicated on the merits in state court "resulted in a decision that: (1) was contrary to, or involved and unreasonable application of, clearly established Federal law, or . . . (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court . . . ."  28 U.S.C. § 2254.  A federal court may grant the writ under (d)(1) "if the state court arrives at a conclusion opposite to that reached by [a federal court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts," or under (d)(2) "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams v. Taylor, 529 U.S. 362, 412-413 (2000).  Under (d)(2), the court must evaluate "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified."  Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

     Finally, under 28 U.S.C. § 2254 federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  28 U.S.C. § 2254(e)(1). "Consequently, a habeas petitioner must clear a high hurdle

6

before a federal court will set aside any of the state court's factual findings." <u>Rosario v. State</u>, No. 04-5837, 2005 WL 3440477, at *3 (D.N.J. Dec. 13, 2005).

## IV.  DISCUSSION

Because this petition fails on the merits, it will be denied in its entirety.[2]

### A.   Petitioner was not denied due process or a fair trial because the state court declined to include the "lesser included offense" of burglary on the verdict sheet.

Because burglary is not a lesser included offense of felony murder[3], and because a reasonable jury could have convicted the defendant on the charge of felony murder based on the facts of the case, the non-inclusion of burglary on the verdict sheet did not violate Petitioner's Fifth or Fourteenth Amendment guarantees.

The Supreme Court has ruled that "the defendant is entitled

_____

[2]Although certain of Petitioner's claims may not have been exhausted, the Court finds that other were.  As already explained, a court may deny a "mixed petition" on the merits. *See* 28 U.S.C. § 2254(b)(2).

[3]Petitioner supplies no support for his contention that burglary is a lesser-included offense of felony murder, and this Court has found none.  Included offenses are defined under New Jersey law in N.J.S.A. 2C: 1-8(d), and burglary fits none of these compartments.  Burglary is a totally separate crime with distinct elements, and is "conceptually unrelated to felony-murder, except as a predicate felony supporting a murder conviction," as held by the Appellate Division.  (RA 107.)

to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."  <u>Keeble v. United States</u>, 412 U.S. 205, 208 (1973).  As the Appellate Division correctly found, burglary is a predicate offense of felony murder, not a lesser included offense.  (RA 106.)  Thus, the failure to charge the jury on burglary was not a violation of federal or constitutional law.

Petitioner argues that although burglary is not a lesser included offense of felony-murder, a burglary charge was nonetheless required.  He argues that charging the jury with felony murder but not informing it that he had already been convicted of burglary mislead the jury into believing that it had to choose between conviction on the murder charge or acquittal. Petitioner argues that the failure to include this information on the verdict sheet prejudiced him.

In order to be convicted of felony murder under New Jersey law, the actor, "acting either alone or with one or more other persons is engaged in the commission of, or an attempt to commit, or flight after committing or attempting to commit . . . burglary" and "*any* person causes the death of a person other than one of the participants . . . ." [emphasis added] N.J.S.A. 2C:11-3(a)(3).  However, if "the defendant was not the only participant in the underlying crime, it is an affirmative defense

8

that the defendant: (a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (b) was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons . . . ." N.J.S.A. 2C:11-3(a)(3). Burglary is a crime of the second degree if in the course of committing the offense, the actor: (1) Purposely, knowingly or recklessly inflicts, attempts to inflict or threatens to inflict bodily injury on anyone; or (2) is armed with or displays what appear to be explosives or a deadly weapon." N.J.S.A. 2C:18-2(b).

Here Petitioner argues that he was prejudiced by the trial court's failure to give a burglary charge because the jury, knowing that he was guilty of second-degree burglary, could not have reasonably found him guilty of felony murder as well. Petitioner's argument is circular and without merit.

The evidence in this case supports the conviction for felony murder for two reasons. First, Petitioner had already been convicted of second-degree burglary. However, this information would *establish* the first prong to the finding of felony murder, that the Petitioner was involved in a predicate offense at the time that the homicide occurred. The fact-finding burden of the jury would therefore be less, and the jury would only have to

establish that "any person [involved in the burglary] cause[d] the death of a person other than one of the participants." N.J.S.A. 2C:11-3(a)(3).

Second, since Petitioner himself did not cause injury to anyone during the course of the burglary, he could only have been convicted of second-degree burglary if he was "armed with or display[ed] what appear[ed] to be explosives or a deadly weapon." N.J.S.A. 2C:18-2(b)(2).  The facts of the case are that Petitioner was armed with a "buck" knife and that there were several guns in the back seat of his car.  These facts, together with the facts of the bnurglary (which Petitioner admitted in his testimony at trial), would likely have led the jury to conclude that Petitioner was guilty of second-degree burglary because he was armed with a deadly weapon, thus denying him the affirmative defense to felony murder found in N.J.S.A. 2C:11-3(a)(3)(b).

To be sure, the initial jury who convicted Petitioner of second-degree burglary was hung on the charge of felony murder. However, the fact that the jury in the first trial hung on felony murder, does not mean that no reasonable jury could conclude that Petitioner was, in fact, guilty of the crime.  To the contrary, for reasons already explained, the facts easily support the verdict.

Therefore, the conclusion of the State court that Petitioner was not prejudiced by the non-inclusion of burglary on the

10

verdict sheet was not based on an unreasonable determination of the facts.  The trial judge's decision not to charge burglary as a lesser-included offense was correct.  Petitioner was not denied due process or a fair trial by the decision of the state court to charge the jury only on felony murder.

**B.   Petitioner was not denied effective assistance of trial counsel.**

Petitioner claims he was denied the effective assistance of trial counsel because of trial counsel's failure to move for change of venue.  The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), that governs the determination of effectiveness of trial counsel is found in Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the court explained that "the right to counsel is the right to the effective assistance of counsel." Id. at 686.  Under Strickland, in order for a defendant to succeed on an ineffectiveness of counsel claim, he:

> must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.  The evaluation of counsel's performance must be made in light of "the facts of the case at the time of counsel's conduct," Id. at 688-89, and "considering all the circumstances."

11

Id. at 688.

Because the risk of second-guessing after hindsight is great, the

> judicial scrutiny of counsel's performance must be highly
> deferential . . . .  [A] court must indulge a strong
> presumption that counsel's conduct falls within the wide
> range of reasonable professional assistance . . . the
> defendant must overcome the presumption that, under the
> circumstances, the challenged action might be considered
> sound trial strategy.

Id. at 689 (citations omitted).  Strickland also held that "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.

If Petitioner succeeds in showing deficient assistance of counsel, he must then show that this deficiency actually prejudiced his defense.  Id. at 687.  Prejudice may be shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is one that is sufficient to undermine confidence in the outcome."  Id. at 694.

Based on the standard set forth in Strickland, and based on the facts presented in the case, the lower court properly held that Petitioner received effective assistance of trial counsel.

> **1.   The state court's determination that Petitioner
> did receive effective trial counsel was not
> contrary to or based on an unreasonable
> application of federal or constitutional law.**

12

Because the Petitioner cannot show that the state court erred in applying the standards of <u>Strickland</u>, he was not denied the effective assistance of trial counsel.

Petitioner contends that he was not provided with effective assistance of trial counsel because his trial counselor did not request a change of venue.[4]  Thus, in order to succeed, Petitioner must show that the <u>Strickland</u> test was not applied, or was applied incorrectly by the state court.

Here, trial counsel declined to move for a change of venue "in consultation with the [petitioner]."  (Respondent's brief RA122.)  Counsel indicated that he and Petitioner had reached this decision because the media attention creating the presumed prejudice had been "directed ... at least 99 percent to [co-defendant Simon]," and not towards Petitioner.  <u>Id.</u>[5]  The court

---

[4]Petitioner also alleges that, under the circumstances, his trial counsel was generally ineffective.  However, under <u>Strickland</u>, a Petitioner alleging ineffective assistance of trial counsel must point to the specific acts and omissions which give rise to his claim.  <u>Strickland</u>, 466 U.S. 668, 690 (1984).

[5]The trial court record itself revealed the basis of counsel's strategic decision.  Co-defendant Simon had moved for a change of venue which was granted from Gloucester County to Hunterdon County, based on pretrial publicity against him. Petitioner Staples, on the other hand, affirmatively sought to have the venue returned to Gloucester County after Simon pled guilty because none of the publicity had been about him. Experienced trial counsel explained this to the trial judge in support of a Gloucester County venue, stating:

We have to remember it's Mr. Simon who was just paroled from state prison on a murder charge.  It's Mr. Simon who

determined that the act identified by Petitioner was a strategic decision under Strickland and not, as Petitioner argues, an example of counsel's deficient performance.  Nothing in the record indicates otherwise.

Because failure on the first prong is dispositive, the court did not examine the second prong of the Strickland test.  In any event, Petitioner was not prejudiced by counsel's decision.

Under New Jersey law, a court may grant a change of venue only if defendant can "establish clear and convincing proof that a fair and impartial trial cannot be had before a jury in the county where the indictment was found  . . . [or] to overcome the

---

apparently while in prison was involved in another homicide. Mr. Staples has never been convicted of a crime. He is completely different than Mr. Simon.  A great deal of this publicity not only focused on the past record of Mr. Simon, but also focused on the potential indiscretions of the parole system in Pennsylvania [where Simon had been confined] and in New Jersey.  Nothing of that has anything to do with Mr. Staples . . . .  So, the presumed prejudice in this case, Judge, it's clear to me, focused on Mr. Simon [and] not on Mr. Staples.

I discussed this with my client.  He understands the potential for prejudice and I can represent to the Court that it is not only my request, but it is Mr. Staples' request, as well, that this matter be tried in Gloucester County.

(RA at 13-14.)  In other words, the defense believed that it would fare better in Gloucester County, where Staples had lived a generally law-abiding life for over 30 years.  In response, the trial judge, in a well-reasoned opinion, found that Staples was situated differently from Simon, and the adverse publicity applied exclusively to Simon (except for Staples' affiliation with the Warlocks motorcycle gang), which did not create a presumption of prejudice to Staples, and that Staples was in any event waiving the change of venue.  (RA at 14-17.)

realistic likelihood of prejudice from pretrial publicity."
State v. Williams, 93 N.J. 39, 67 (1983).  Because the record
shows that publicity concerning Petitioner himself was minimal,
it is unlikely that "a fair and impartial trial [could not have
been] had before a jury in the county where the indictment was
found" or that there was a "realistic likelihood of prejudice
from pretrial publicity."   Id.

For these reasons, the PCR denial of Petitioner's Sixth
Amendment claim was in accordance with established federal law.
Petitioner has failed to show that the assistance of counsel fell
below professional standards, or that he was prejudiced by
counsel's failure to seek a change of venue.

> **2.   The state court's determination that Petitioner
> did receive effective trial counsel was not
> contrary to or based on an unreasonable
> determination of the facts.**

Because the facts on the record support finding that the act
identified by Petitioner was strategic and not prejudicial, the
State court did not base its decision of effective counsel on an
unreasonable determination of the facts.  As discussed above, the
facts reasonably support the conclusion that the decision not to
move for a change of venue was strategic and that this decision
was also not prejudicial.  Thus, there is no evidence that the
PCR court's decision was based on an unreasonable determination
of the facts.

> **C.   The Post-Conviction Relief court properly denied**

**Petitioner an evidentiary hearing on the matter of effectiveness of trial counsel.**

Because Petitioner failed to establish a prima facie case of ineffective assistance of counsel, the PCR court properly denied Petitioner an evidentiary hearing on that claim.

Generally in a habeas proceeding, federal courts have no power to review state court application of state law.  Errors in state PCR proceedings do not give rise to a claim for federal habeas relief.  <u>Rosario</u>, No. 04-5837, 2005 WL 3440477, at *9.  Here, the court must assume that Petitioner is stating that this claimed error is a violation of due process.  <u>Id.</u>  "Consequently the appropriate inquiry is whether the claimed error of law is a fundamental defect which inherently results ina complete miscarriage of justice or in an omission inconsistent with the rudimentary demands of fair procedure."  <u>Hutchins v. Hundley</u>, No. 91-818, 1991 WL 167036 at *4 (D.N.J. Aug. 22, 1991).

The Supreme Court has stated that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."  <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986).  "An error is not harmless if it aborts the basic trial process or denies it altogether."  <u>Hutchins v. Hundley</u>, No. 91-818, 1991 WL 167036, at *5 (D.N.J. Aug. 22, 1991).

As discussed above, review of the PCR proceedings reveals

16

that Petitioner failed to establish a prima facie case of ineffective assistance of counsel.  The state PCR court committed no error, and thus no error of a constitutional dimension.  There is no showing that the state court decision to deny Petitioner an evidentiary hearing fulfills either subsections 1 or 2 of 28 U.S.C. § 2254(d).

This claim will thus be dismissed for failure to show deprivation of a federal constitutional right.

## V. CONCLUSION

The Petitioner's claims fail on the merits, and thus this petition for Writ of Habeas Corpus will be denied.

Burglary is not a "lesser included offense" of felony murder, and thus there is no federal or constitutional law that mandates its inclusion on the verdict sheet.  Further, the determination of the appropriateness of this non-inclusion was not based on an unreasonable determination of the facts by the state court.

Petitioner has also failed show that the state court inappropriately applied the <u>Strickland</u> test in his claim of ineffective assistance of counsel.  The court properly evaluated counsel's performance and found no error.  The determination by state court that Petitioner received effective assistance of

17

counsel was not based on an unreasonable assessment of the facts, or an unreasonable application of law.  The record supports that failure to seek change of venue was a proper strategic decision, not an error.

The PCR court's denial of an evidentiary hearing on the matter of ineffective counsel was not in error, and thus Petitioner fails to show deprivation of a federal constitutional right.

None of Petitioner's claims succeed on the merits and thus the petition will be dismissed pursuant to 28 U.S.C. § 2254(b)(2).  No certificate of appealability will be issued because this petition presents no claim of arguable merit.


**June 15, 2006**                    **s/ Jerome B. Simandle**
Date                                 Jerome B. Simandle
                                     United States District Judge

18